Jason Barrat; AZ Bar No. 029086
**WEILER LAW PLLC**
5050 N. 40th St., Suite 260
Phoenix, AZ 85018
Tel & Fax: 480.442.3410
jbarrat@weilerlaw.com

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| **Hung Chia Chang**, an Arizona resident;<br><br>Plaintiff,<br><br>v.<br><br>**Major League Construction, LLC** an Arizona company; **Kelley Louise Kunkel,** an Arizona resident; and **John Kunkel,** an Arizona resident;<br><br>Defendants. | Case No.<br><br>**VERIFIED COMPLAINT**<br><br>**(Jury Trial Requested)** |

Plaintiff Hung Chia Chang ("**Plaintiff**"), for his Verified Complaint against Defendants Major League Construction, LLC ("**Major League" or "Entity Defendant**"); Kelley Louise Kunkel; and John Kunkel (all together known as **"Defendants"**), hereby alleges as follows:

**NATURE OF THE CASE**

1.      Plaintiff brings this action against Defendants for their unlawful failure to pay minimum wage in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (hereinafter "**FLSA**"); A.R.S. §§ 23-362 - 23-364 ("**Arizona Minimum Wage Statute**" or "**AMWS**"); and failure to make timely payment of wages under the Arizona Wage

Doc ID: d23f97f831de6ab26394f1fce7dbfac8f4665404

Statute, A.R.S. §§ 23-350 – 23-355 ("**Arizona Wage Statute**" or "**AWS**").

2. This action is also brought to recover minimum wage compensation, liquidated damages, treble damages, and statutory penalties resulting from Defendants' violations of the FLSA and AMWS.

3. This action is also brought to recover unpaid wages, treble damages, and statutory penalties resulting from Defendants' violations of the AWS.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the acts or omissions giving rise to the claims occurred in the state of Arizona.

6. Plaintiff's state law claims are sufficiently related to his federal claim that it forms the same case or controversy. This Court therefore has supplemental jurisdiction over Plaintiff's claims under the Arizona Minimum Wage Statute and Arizona Wage Statute pursuant to 28 U.S.C. § 1367.

7. Plaintiff was employed by Defendants in this District.

## PARTIES

8. At all relevant times to the matters alleged herein, Plaintiff Hung Chia Chang resided in the District of Arizona.

9. Plaintiff Hung Chia Chang was a full-time employee of Defendants from on or around February 27, 2024, until on or around March 15, 2024 ("all relevant times").

10. At all relevant times, Plaintiff Hung Chia Chang was an employee of

WEILER LAW PLLC
5050 N. 40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – info@weilerlaw.com.com

Doc ID: d23f97f831de6ab26394f1fce7dbfac8f4665404

Defendants as defined by 29 U.S.C. § 203(e)(1).

11.    At all relevant times, Plaintiff Hung Chia Chang was an employee of Defendants as defined by A.R.S. § 23-362(A).

12.    At all relevant times, Plaintiff Hung Chia Chang was an employee of Defendant Major League as defined by A.R.S. § 23-350(2).

13.    Defendant Major League is a company authorized to do business in Arizona.

14.    Defendant Major League was Plaintiff's employer as defined by 29 U.S.C. § 203(d).

15.    Defendant Major League was Plaintiff's employer as defined by A.R.S. § 23-362(B).

16.    Defendant Major League was Plaintiff's employer as defined by A.R.S. § 23-350.

17.    Defendant Kelley Louise Kunkel is an Arizona resident.

18.    Defendant Kelley Louise Kunkel has directly caused events to take place giving rise to this action.

19.    Defendant Kelley Louise Kunkel is the owner of Major League.

20.    Defendant Kelley Louise Kunkel is a manager of Major League.

21.    Defendant Kelley Louise Kunkel is a member of Major League.

22.    Defendant Kelley Louise Kunkel is the statutory agent of Major League.

23.    Defendant Kelley Louise Kunkel is an employer for Major League.

24.    Defendant Kelley Louise Kunkel has been at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

25.    Defendant Kelley Louise Kunkel has been at all relevant times Plaintiff's

WEILER LAW PLLC

5050 N. 40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – info@weilerlaw.com.com

employer as defined by A.R.S. § 23-362(B).

26. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Therefore, under the FLSA, Defendant Kelley Louise Kunkel is an employer.

27. Defendant Kelley Louise Kunkel had the authority to hire and fire employees.

28. Defendant Kelley Louise Kunkel hired Plaintiff on or around February 27, 2024.

29. Defendant Kelley Louise Kunkel supervised and controlled Plaintiff's work schedules or the conditions of Plaintiff's employment.

30. Defendant Kelley Louise Kunkel assigned jobs to employees.

31. Defendant Kelley Louise Kunkel determined the rate and method of Plaintiff's payment of wages.

32. Defendant Kelley Louise Kunkel agreed Plaintiff was to be paid $18.00 an hour.

33. As a person who acted in the interest of the previously identified corporate entity in relation to the company's employees, Kelley Louise Kunkel is subject to individual and personal liability under the FLSA.

34. Defendant John Kunkel is an Arizona resident.

35. Defendant John Kunkel has directly caused events to take place giving rise to this action.

36. Defendant John Kunkel is the owner of Major League.

37. Defendant John Kunkel is a manager of Major League.

WEILER LAW PLLC
5050 N. 40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – info@weilerlaw.com.com

Doc ID: d23f97f831de6ab26394f1fce7dbfac8f4665404

WEILER LAW PLLC

5050 N. 40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – info@weilerlaw.com.com

38.    Defendant John Kunkel is an employer for Major League.

39.    Defendant John Kunkel has been at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

40.    Defendant John Kunkel has been at all relevant times Plaintiff's employer as defined by A.R.S. § 23-362(B).

41.    The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee.  Therefore, under the FLSA, Defendant John Kunkel is an employer.

42.    Defendant John Kunkel supervised and controlled Plaintiff's work schedules or the conditions of Plaintiff's employment.

43.    Plaintiff would text Defendant John Kunkel throughout the workday to update him on his location and status of jobs.

44.    Defendant John Kunkel determined the rate and method of Plaintiff's payment of wages.

45.    Plaintiff reached out to Defendant John Kunkel about his unpaid wages via text message on June 17th and 18th, 2024.

46.    As a person who acted in the interest of the previously identified corporate entity in relation to the company's employees, John Kunkel is subject to individual and personal liability under the FLSA.

47.    Upon reasonable belief, during Plaintiff's employment with Defendants, Defendant John Kunkel and Defendant Kelley Louise Kunkel were legally married.

48.    Defendant John Kunkel and Defendant Kelley Louise Kunkel have caused events to take place giving rise to this action as to which their marital community is fully

liable.

49. Under the principle of marital community property, all actions by one individual are imputed on the marital community property

50. Plaintiff further informed, believes, and thereon alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

51. Defendants, and each of them, are sued in both their individual and corporate capacities.

52. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

53. Plaintiff has a good faith reasonable belief that in his work for Defendants, he was employed by an enterprise engaged in commerce that had or will have annual gross sales of at least $500,000 in 2024.

54. At all relevant times, Plaintiff, in his work for Defendants, was engaged in commerce or the production of goods for commerce.

55. At all relevant times, Plaintiff, in his work for Defendants, was engaged in interstate commerce.

56. Plaintiff, in his work for Defendants, regularly handled goods produced and transported in interstate commerce.

57. Plaintiff would communicate with Defendants via text message and telephone.

58. Plaintiff is a covered employee under individual coverage.

59. Plaintiff is a covered employee under enterprise coverage.

WEILER LAW PLLC

5050 N. 40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – info@weilerlaw.com.com

Doc ID: d23f97f831de6ab26394f1fce7dbfac8f4665404

**FACTUAL ALLEGATIONS**

60.    The entity Defendant is a construction company.

61.    On or around February 27, 2024, Plaintiff Hung Chia Chang commenced employment with Defendants as a dry wall hanger.

62.    Plaintiff's primary job duties included hanging drywall, painting, and installing air filters and filter covers.

63.    Plaintiff was to be paid $18.00 an hour.

64.    Plaintiff was a non-exempt employee.

65.    Plaintiff never received a paycheck from Defendants.

66.    Plaintiff is owed 91.43 hours of work.

67.    Plaintiff is owed approximately $1,645.74.

68.    Defendants failed to properly compensate Plaintiff for his hours worked.

69.    Plaintiff contacted Defendant Kelley Louise Kunkel about his unpaid wages.

70.    Plaintiff contacted Defendant John Kunkel about his unpaid wages.

71.    Defendant Kelley Louise Kunkel has yet to send proof to the Labor Board.

72.    Defendants are aware of Plaintiff's missing wages.

73.    Defendants know that they owe Plaintiff wages but have refused to pay Plaintiff.

74.    To date, Plaintiff has not been paid his missing wages.

75.    Plaintiff, therefore, did not receive his FLSA minimum wage or Arizona minimum wage.

76.    Defendants wrongfully withheld wages from Plaintiff by failing to pay all wages due on his next paycheck.

WEILER LAW PLLC

5050 N. 40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – info@weilerlaw.com.com

Doc ID: d23f97f831de6ab26394f1fce7dbfac8f4665404

77. Defendants refused and/or failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

78. Defendants failed to post and keep posted in a conspicuous place the required poster / notice explaining his employee rights under the FLSA pursuant to 29 C.F.R. § 516.4.

79. Defendants' failure and/or refusal to compensate Plaintiff at the rates and amounts required by the FLSA were willful.

## COUNT I
### (FAILURE TO PAY MINIMUM WAGE – FLSA – 29 U.S.C. § 206)

80. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

81. At all relevant times, Plaintiff was employed by Defendants within the meaning of the FLSA.

82. Plaintiff was an employee entitled to the statutorily mandated minimum wage.

83. Defendants have intentionally failed and/or refused to pay Plaintiff's minimum wage according to the provisions of the FLSA.

84. As a direct result of Defendants' violations of the FLSA, Plaintiff has suffered damages by not receiving compensation in accordance with 29 U.S.C.§ 206.

85. In addition to the amount of unpaid minimum wages owed to Plaintiff, he is entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

86. Defendants' actions in failing to compensate Plaintiff, in violation of the FLSA, were willful.

WEILER LAW PLLC

5050 N. 40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – info@weilerlaw.com.com

Doc ID: d23f97f831de6ab26394f1fce7dbfac8f4665404

87.    Defendants knew Plaintiff was not being compensated full minimum wages for time worked.

88.    Defendants knew their failure to pay minimum wage was a violation of the FLSA.

89.    Defendants have not made a good faith effort to comply with the FLSA.

90.    Plaintiff is also entitled to an award of attorneys' fees and other statutory damages pursuant to 29 U.S.C. § 216(b).

## COUNT II
## (FAILURE TO PAY MINIMUM WAGE – ARIZONA MINIMUM WAGE STATUTE)

91.    Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

92.    At all relevant times, Plaintiff was employed by Defendants within the meaning of the Arizona Minimum Wage Statute.

93.    Defendants intentionally failed and/or refused to pay Plaintiff's full minimum wages according to the provisions of the Arizona Minimum Wage Statute.

94.    In addition to the amount of unpaid minimum wage owed to Plaintiff, he is entitled to recover an additional amount equal to twice the underpaid wages and interest pursuant to A.R.S. § 23-364(g).

95.    Plaintiff is also entitled to an award of attorneys' fees and costs pursuant to A.R.S. § 23-364(g).

## COUNT III
## (FAILURE TO TIMELY PAY WAGES DUE – ARIZONA WAGE STATUTE)
## (ONLY AGAINST THE ENTITY DEFENDANT)

96.    Plaintiff incorporates by reference all of the above allegations as though fully

WEILER LAW PLLC

5050 N. 40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – info@weilerlaw.com.com

Doc ID: d23f97f831de6ab26394f1fce7dbfac8f4665404

set forth herein.

97.   At all relevant times, Plaintiff was employed by Entity Defendant within the meaning of the Arizona Wage Statute.

98.   Entity Defendant was aware of its obligation to pay timely wages pursuant to A.R.S. § 23-351.

99.   Entity Defendant was aware that, under A.R.S. § 23-353, it was obligated to pay all wages due to Plaintiff.

100.   Entity Defendant failed to timely pay Plaintiff his wages due without a good faith basis for withholding the wages.

101.   Entity Defendant has willfully failed and refused to timely pay wages due to Plaintiff.

102.   As a result of Entity Defendant's unlawful acts, Plaintiff is entitled to the statutory remedies provided pursuant to A.R.S. § 23-355.

## CONCLUSION AND PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays:

A.   For the Court to declare and find that the Defendants committed the following acts:

i.   violated minimum wage provisions of the FLSA, 29 U.S.C. § 206, by failing to pay minimum wages;

ii.   willfully violated minimum wage provisions of the FLSA, 29 U.S.C. § 206, by failing to pay minimum wages;

iii.   violated minimum wage provisions of the Arizona Minimum Wage Statute, by failing to pay minimum wages;

WEILER LAW PLLC

5050 N. 40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – info@weilerlaw.com.com

Doc ID: d23f97f831de6ab26394f1fce7dbfac8f4665404

WEILER LAW PLLC

5050 N. 40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – info@weilerlaw.com.com

iv. willfully violated minimum wage provisions of the Arizona Minimum Wage Statute, by failing to pay minimum wages;

v. willfully violated the Arizona Wage Statute by failing to timely pay all wages due to Plaintiff;

B. For the Court to award compensatory damages, including liquidated or double damages, and / or treble damages, to be determined at trial;

C. For the Court to award interest on all wage compensation due accruing from the date such amounts were due under all causes of action set forth herein;

D. For the Court to award such other monetary, injunctive, equitable, and declaratory relief as the Court deems just and proper;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), A.R.S. § 23-364(g), and all other causes of action set forth herein;

F. Any other remedies or judgments deemed just and equitable by this Court;

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

RESPECTFULLY SUBMITTED January 16, 2025.

**WEILER LAW PLLC**

By: /s/ Jason Barrat
5050 N. 40th St., Suite 260
Phoenix, AZ 85018
Attorneys for Plaintiff

Doc ID: d23f97f831de6ab26394f1fce7dbfac8f4665404

WEILER LAW PLLC

5050 N. 40ᵗʰ St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – info@weilerlaw.com.com

**VERIFICATION**

Plaintiff Hung Chia Chang declares under penalty of perjury that he has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on his personal knowledge, except as to those matters stated upon information and belief, and as to those matters, he believes them to be true.

*Hung Chia Chang*
_____
Hung Chia Chang

Doc ID: d23f97f831de6ab26394f1fce7dbfac8f4665404