**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Hung Chia Chang, | No. CV-25-00131-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Major League Construction LLC, et al., | |
| Defendants. | |

Plaintiff Hung Chia Chang moves for default judgement against Defendants Major League Construction, LLC ("Major League"), Kelley Louise Kunkel, and John Kunkel (collectively, "Defendants"), pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. (Doc. 10.) The Court will grant the motion for default judgement.

**I.    BACKGROUND**

As the Clerk of the Court has entered default (Doc. 9), the Court takes the complaint's factual allegations as true. *See Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) ("The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.").

The complaint alleges claims of failure to pay minimum wages in violation of the Fair Labor Standards Act ("FLSA"), failure to pay minimum wages in violation of the Arizona Minimum Wage Act ("AZMWA"), and failure to make timely payment of wages under the Arizona Wage Act ("AZWA"). (Doc. 1 ¶¶ 80-102.)

Chang alleges that he worked for Major League, a construction company owned and

1  operated by Defendants Kelly and John Kunkel (*Id.* ¶¶ 9, 19, 36.) Chang describes his
2  duties as hanging drywall between February 27, 2024, and March 15, 2024. (*Id.* ¶¶ 9, 61.)
3  Chang claims that he worked as a non-exempt employee covered by FLSA minimum wage
4  requirements. (*Id.* ¶ 64); 29 U.S.C. § 206(a)(1). Chang claims that he worked 91.43 hours
5  for Defendants and was to be paid $18.00 per hour. (*Id.* ¶¶ 32, 63, 66.) Chang alleges that
6  he never received a paycheck from Defendants for his work, even after notifying Mr.
7  Kunkel via text message about the unpaid wages on June 17 and 18, 2024. (*Id.* ¶¶ 45, 65,
8  69-70.)

9  Chang seeks monetary damages for his unpaid wages, federal and state liquidated
10 damages, as well as attorneys' fees and costs. (Doc. 10 at 5-8.) Chang requests $4,937.22
11 against Defendants, with $3,936.06 of that amount to be held jointly and severally against
12 all Defendants and an additional $1,001.16 be held against Major League. (Doc. 10 at 8.)
13 Chang also requests that damages be augmented by post-judgement interest pursuant to 28
14 U.S.C. § 1961. (*Id.*)

15 Defendants failed to file an answer, respond to the complaint, or file a notice of
16 appearance. The Clerk of the Court entered default on March 20, 2025. (Doc. 9.) Chang
17 now moves for default judgement against Defendants. (Doc. 10.)

18 **II.  DISCUSSION**
19   **A. Jurisdiction, Venue, and Service**
20 "When entry of judgment is sought against a party who has failed to plead or
21 otherwise defend, a district court has an affirmative duty to look into its jurisdiction over
22 both the subject matter and the parties." *Tuli v. Republic of Iraq*, 172 F.3d 707, 712 (9th
23 Cir. 1999). Chang asserts claims arising under the FLSA, the AZMWA, and the AZWA.
24 (Doc. 1 ¶ 1.) The Court has subject matter jurisdiction over claims arising out of federal
25 law, including claims under the FLSA. 28 U.S.C. § 1331. The Court has supplemental
26 jurisdiction over Chang's state law claims because they form "part of the same case or
27 controversy under Article III of the United States Constitution." 28 U.S.C. § 1367.
28 Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because "a substantial part of

the events or omissions giving rise to the claim" occurred within the jurisdictional boundaries of this district. (Doc. 1 ¶ 7.) The Court has personal jurisdiction over the Parties because Major League is a company authorized to conduct business in Arizona. (Doc. 1 ¶ 13); 28 U.S.C. § 1391(c)(2). Defendants are all residents of the state of Arizona. (*Id*. ¶17, 34.)

Service is properly executed by delivering a copy of the summons and the complaint to the individual personally or by "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." Fed. R. Civ. P. 4(e)(2)(A-B); Ariz. R. Civ. P. 4.1(d)(1-2). Chang initially made multiple unsuccessful attempts to serve Defendants. (Doc. 5 at 5.) Chang was granted his motion for alternative service to serve Defendants by providing a copy of the summons, complaint, notice of availability of US Magistrate, and a copy of the order granting alternative service: (1) via regular US Mail; (2) via certified US Mail; (3) by posting to Defendants' residence door; and (4) via electronic mail. (Doc. 6.) Defendants were served on February 24, 2025. (Doc. 7.)

Service on a corporation can be executed by serving a copy of the summons and the complaint on a statutory agent. Fed. R. Civ. P. 4(h)(1)(B); Ariz. R. Civ. P. 4.1(i). Because Mrs. Kunkel is a statutory agent and one of Major League's owners (Doc. 1 ¶ 19, 22), the corporation received sufficient notice of the complaint. *See Chan v. Soc'y Expeditions, Inc.*, 39 F.3d 1398, 1404 (9th Cir. 1994) ("Rule 4 is a flexible rule that should be liberally construed to uphold service so long as a party receives sufficient notice of the complaint."). For these reasons, the Court finds that all Defendants were properly served.

### B. Default Judgement

Once a default is entered, the district court has discretion to grant default judgment. See Fed. R. Civ. P. 55(b)(2); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *Symantec Corp. v. Glob. Impact, Inc.*, 559 F.2d 922, 923 (9th Cir. 2009) (noting the two-step process of default judgment: "Entering a Default" and "Entering a Default Judgment").

A court should consider the following factors when deciding whether default

judgment is appropriate:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of the claim, (3) the sufficiency of the complaint, (4) the sum of money at stake, (5) the possibility of a dispute concerning material facts, (6) whether default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring a decision on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986); *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 616 (9th Cir. 2016). As the party seeking default judgment, Chang "bears the burden of demonstrating to the Court that the complaint is sufficient on its face and that the *Eitel* factors weigh in favor of granting default judgment." *Ronald Norris v. Shenzhen IVPS Tech. Co.,* No. CV-20-01212-PHX-DWL, 2021 WL 4844116, at *2 (D. Ariz. Oct. 18, 2021). Chang also bears the burden of proving all damages. *Szabo v. Sw. Endocrinology Assocs. PLLC,* No. CV-20-01896-PHX-DWL, 2021 WL 3411084, at *2 (D. Ariz. July 27, 2021); *see also Philip Morris USA, Inc. v. Castworld Prod., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003).

### 1. The first, fifth, sixth, and seventh *Eitel* factors

Defendants have not responded or participated in any litigation. Traditionally, this means the "first, fifth, sixth, and seventh [*Eitel*] factors are easily addressed." *Zekelman Indus. Inc. v. Marker*, No. CV-19-02109-PHX-DWL, 2020 WL 1495210, at *3 (D. Ariz. Mar. 27, 2020) (noting that the first, fifth, and sixth *Eitel* factors supported granting default judgment because a denial would prejudice the plaintiff, there was no dispute over material facts, and the default was not due to excusable neglect).

The first factor weighs in favor of default judgment because denying Chang's motion for default judgment will leave him "without other recourse for recovery" due to Defendants' failure to appear in the suit. *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). The fifth factor also weighs in favor of default judgment because "all well-pleaded facts in the complaint are taken as true . . . no genuine dispute of material facts would preclude granting" the motion for default judgment. *Id.* Additionally, the sixth factor tips in favor of entering default judgment because Defendants were properly

served. (Docs. 7, 8, 10.) *See Twentieth Century Fox Film Corp. v. Streeter*, 438 F. Supp. 2d 1065, 1072 (D. Ariz. 2006) (finding that a defendant's failure to answer is likely not a result of excusable neglect if the defendant is served properly).

Finally, although the seventh factor—which considers the policy favoring a decision on the merits—generally weighs against default judgment, the existence of Rule 55(b) "indicates that this preference, standing alone, is not dispositive." *PepsiCo*, 238 F. Supp. 2d at 1177. Therefore, this factor is not sufficient to preclude the entry of default judgment in this case.

## 2. The second and third *Eitel* factors

The second and third *Eitel* factors—the merits of the claim and the sufficiency of the complaint—are often "analyzed together and require courts to consider whether a plaintiff has stated a claim on which [he] may recover." *Vietnam Reform Party v. Viet Tan-Vietnam Reform Party*, 416 F. Supp. 3d 948, 962 (N.D. Cal. 2019). To determine whether Chang stated a claim on which he may recover, the Court must first analyze Chang's status as an employee within the meaning of the FLSA, the AZMWA, and the AZWA.

### i. FLSA Claims

The FLSA defines an "employee" as "any individual employed by an employer." 29 U.S.C. § 203(e)(1). It defines an "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." *Id.* § 203(d). The Ninth Circuit has traditionally employed a six factor "economic reality" test to distinguish workers who are considered employees under legislation such as the FLSA. *Real v. Driscoll Strawberry Assocs., Inc.*, 603 F.2d 748, 754 (9th Cir. 1979). No one factor in the test is dispositive. *Id.* Instead, the determination depends "upon the circumstances of the whole activity." *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 730 (1947).

The economic reality test is comprised of these factors:

> (1) the degree of the alleged employer's right to control the manner in which the work is to be performed; (2) the alleged employee's opportunity for profit or loss depending upon his managerial skill; (3) the alleged employee's investment in equipment or materials required for his task, or his employment of helpers; (4) whether the service rendered

- 5 -

>requires a special skill; (5) the degree of permanence of the working relationship; and (6) whether the service rendered is an integral part of the alleged employer's business.

*Real*, 603 F.2d at 754.

The first factor examines the employer's degree of control. Chang alleges that Defendants exercised control over the manner in which Chang performed work hanging drywall, painting, and installing air filters and filter covers. (Doc. 1 ¶ 29, 42, 62.) In support, Chang states, "Defendant[s] supervised and controlled Chang's work schedules or the conditions of Plaintiff's employment," "assigned jobs to employees," and "determined the rate and method of Plaintiff's payment of wages." (*Id*. ¶¶ 29-31, 42, 44.) Additionally, Chang states that he would "text Defendant John Kunkel throughout the workday to update him on his location and status of jobs." (*Id*. ¶ 44.) These facts, taken as true, demonstrate that Defendants exercised control over Chang's work and weighs in favor of classifying Chang as an employee. *Bonnette v. Cal. Health and Welfare Agency*, 704 F.2d 1465, 1470 (9th Cir. 1983) (finding that an employer/employee relationship existed given the "circumstances of the whole activity" when considering the party's control over the rate and method of payment, and the structure and conditions of employment).

The second factor contemplates the alleged employee's opportunity for profit and loss. This factor also weighs in Chang's favor because he was economically dependent on Defendants to "determine the rate and method of Plaintiff's payment of wages." (Doc. 1 ¶¶ 31, 44.) Further, Defendants "controlled Plaintiff's work schedules," indicating that Chang's opportunity for profit and loss were dependent on Defendants' managerial skills and scheduling. (*Id.* ¶¶ 29, 42.)

The third factor weighs the relative investments of the alleged employer and employee in the business. Courts consider the worker's level of investment in "equipment or materials required for his task." *Donovan v. Sureway Cleaners*, 656 F.2d 1368, 1370 (9th Cir. 2013). Courts also consider "the worker's individual investment [in comparison] to the employer's investment in the overall operation." *Dryhaug v. Tax Breaks, Inc.*, No.

- 6 -

1    CV-13-01309-PHX-BSB, 2015 WL 13567067, at *9 (D. Ariz. Sept. 15, 2015). The
2    complaint does not indicate whether Chang was responsible for supplying the materials
3    required to complete his tasks or if he made capital investments in Major League. (Doc. 1
4    ¶ 62.) Nor is it apparent whether Chang "suppl[ied] the necessary risk capital to run the
5    [business]." *Donovan*, 656 F.2d at 1372. Therefore, this factor weighs against Chang.

6    The fourth factor considers the degree of skill necessary to perform the alleged
7    employee's work. "A minimal level of skill weighs in favor of finding that an individual
8    was an employee, rather than an independent contractor." *Dryhaug*, 2015 WL 13567067,
9    at *9. This factor weighs in favor of Chang, whose duties consisted entirely of manual labor
10   such as hanging drywall, painting, and installing air filters and filter covers. (Doc. 1 ¶ 62);
11   *see Real*, 603 F.2d at 755 (finding no special skill was required to favor an employer and
12   employee relationship when services "consist[ed] primarily of physical labor").

13   The fifth factor contemplates the permanence of the working relationship between
14   the alleged employer and employee. *See Donovan*, 656 F.2d at 1372 (finding that
15   employees generally do not have a fixed employment period, have nothing to transfer but
16   their own labor, and are dependent on their employers for continued employment). Chang
17   alleges that he "was a full-time employee of Defendants from on or around February 27,
18   2024 until on or around March 15, 2024" and performed 91.43 hours of work. (*See* Doc. 1
19   ¶¶ 9, 28, 61, 66.) Outside this bare assertion, the complaint lacks sufficient allegations for
20   the Court to determine if the parties intended for the working relationship to be indefinite
21   in duration. As a result, this factor weighs against Chang.

22   The sixth factor considers whether the alleged employee rendered services that were
23   an integral part of the alleged employer's business. Chang asserts that Major League is a
24   construction company. (Doc. 1 ¶ 60.) Change further asserts that his primary job duties for
25   Defendants "included hanging drywall, painting, and installing air filters and filter covers."
26   (Doc. 1 ¶ 62). Thus, the Court finds that Chang's services were integral to Major League's
27   business, and this factor weighs in Chang's favor.

28   In applying the Ninth Circuit's economic reality test, the Court finds that the

majority of the factors weigh in Chang's favor and demonstrate that he was an employee of Defendants under the FLSA.

### ii.   AZMWA Claims

For a claim to be eligible under the AZMWA, the defendant must be an "employer," the plaintiff must be an "employee," and "the plaintiff must allege that [he or] she was not paid the applicable minimum wage for hours worked." *Coe v. Hirsch*, No. CV-21-00478-PHX, 2021 WL 5634798, at *2 (D. Ariz. Dec. 1, 2021) (citing A.R.S. § 23-363(8)). The AZMWA, like the FLSA, defines an "employee" as "any person who is or was employed by an employer." A.R.S. § 23-362(8)(A).

The AZMWA defines an "employer" as "any corporation proprietorship, partnership, joint venture, limited liability company, trust, association, political subdivision of the state, [and] individual or other entity acting directly or indirectly in the interest of an employer in relation to an employee." A.R.S. § 23-362(8)(B). As described above, Defendants are employers because they are an entity operating in Arizona and acted directly or indirectly in their own interest in relation to Chang by controlling his work and wages at all relevant times. (*Id*. ¶¶ 13, 31, 44.) Defendants do not meet the threshold for a small business exemption under A.R.S. § 23-362(8)(C), as they "had or will have annual gross sales of at least $500,000 in 2024." (*Id*. ¶ 53; Doc. 10 at 5.)

### iii.   AZWA Claims

The AZWA defines "employer" as "any individual, partnership, association, joint stock company, trust or corporation, the administrator or executor of the estate of a deceased individual or the receiver, trustee or successor of any of such persons employing any person." A.R.S. § 23-350(3). Chang alleges that Defendants control a business licensed to operate in Arizona and were able to act in the interest of the company, including in relation to the individuals they employed. (Doc. 1 ¶ 13, 27, 31, 33, 44.) Accordingly, Defendants are employers as defined by the AZWA.

Like the FLSA and the AZMWA, the AZWA defines an "employee" as "any person who performs services for an employer under a contract of employment either made in this

- 8 -

state or to be performed wholly or partly within this state." A.R.S. § 23-350(2). As discussed above, Chang can also be considered an employee under the AZWA because he was hired by Defendants, performed work assigned by Defendants, and was compensated at a rate and method of Defendant's choosing. (Doc. 1 ¶¶ 9-13, 28-31, 61-62. 64.) A valid contract existed between the parties. *See Muchesko v. Muchesko*, 191 Ariz. 265, 955 P.2d 21, 25 (Ariz. Ct. App. 1997) ("A finder of fact may conclude that a contract exists based solely on the parties' conduct"). A substantial part of the services was performed in Arizona. (Doc. 1 ¶ 5.)

The AZWA requires employers to pay their employees regularly, and the complaint states that Defendants failed to pay Chang's wages for 91.43 hours worked. (Doc. 1 ¶¶ 66, 68, 73-74.) Accepting this allegation as true, Chang sufficiently states an AZWA claim. *See Tejeda v. Boston Mkt. Corp.*, No. CV-23-01497-PHX-JJT, 2023 WL 8810927, at *2 (D. Ariz. Dec. 20, 2023) ("Plaintiff alleges that since May 2023, Defendants failed to pay him while he worked . . . [a]ccepting this allegation as true, Plaintiff has shown that Defendants violated the . . . A[Z]WA").

### iv. Summary of FLSA, AZMWA, and AZWA Claims

For the foregoing reasons, the Court finds that Chang is an employee under the FLSA, the AZMWA, and the AZWA. 29 U.S.C. § 203(e)(1); A.R.S. § 23-362(8)(A-C); A.R.S. § 23-350(2). Chang "has stated a claim on which [he] may recover." *Vietnam Reform Party*, 416 F. Supp. 3d at 962. Thus, the Court finds the second and third *Eitel* factors—the merits of the claim and the sufficiency of the complaint—favor the entry of default judgment.

### 3. The fourth *Eitel* factor

Under the fourth *Eitel* factor, the Court considers the amount of money at stake in relation to the seriousness of the defendants' conduct. *See PepsiCo, Inc.*, 238 F. Supp. 2d at 1176. If the sum of money at stake is completely disproportionate or inappropriate, default judgment is disfavored. *See Streeter*, 438 F. Supp. 2d at 1071. Allegations pertaining to damages are not taken as true when considering a motion for

default judgment. *See Geddes*, 559 F.2d at 560. A default judgment may be entered without a hearing on damages when the amount claimed is capable of ascertainment from definite figures contained in the documentary evidence. *See Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.,* 722 F.2d 1319, 1323 (7th Cir. 1983). But the district court has "wide latitude" in determining the amount of damages to award upon default judgment. *HTS, Inc. v. Boley*, 945 F. Supp. 2d 927, 947 (D. Ariz. 2013) (citing *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993)).

Here, Chang seeks the unpaid minimum wages he is owed under the FLSA, the AZMWA and the AZWA, along with liquidated damages. (Doc. 10 at 5-8.) Chang asserts he is entitled to $4,937.22 plus post-judgement interest pursuant to 28 U.S.C. § 1961, and attorneys' fees and costs. (*Id.* at 7, 8.) The Court finds this requested amount is reasonable and proportional to Defendant's failure to pay wages under federal and state law and not so "'substantial or unreasonable' as to discourage default judgement." *Sanchez v. El Tiburon LLC*, No. CV-23-01474-PHX-ESW, 2025 WL 1170638, at *3 (D. Ariz. Apr. 22, 2025). As such, the fourth *Eitel* factor favors the entry of default judgment.

### 4. Summary of *Eitel* Factors

After reviewing Chang's Complaint and motion, and analyzing the *Eitel* factors, the Court finds that factors one through six weigh in favor of granting Chang's motion. While the final factor weighs against entering default judgment, it is insufficient to outweigh the other factors. Therefore, the Court concludes that Chang is entitled to default judgment.

**C. Damages**

Having found that entry of default judgment is proper, the only remaining issue is one of damages. In contrast to the other allegations in a complaint, allegations pertaining to damages are not taken as true when considering a motion for default judgment. *Geddes*, 559 F.2d at 560. Nonetheless, a district court has "wide latitude" in determining the amount of damages to award upon default judgment. *James*, 6 F.3d at 310.

During Chang's employment with Defendants, the applicable federal minimum wage was $7.25 per hour and the applicable state minimum wage was $14.35 per hour. 29

U.S.C. § 206(a)(1)(C); A.R.S. § 23-363(B). *See also* https://www.azica.gov/labor-minimum-wage-main-page. "When an employer is found liable under the FLSA for failure to pay minimum and overtime wages, the employee is entitled to 'unpaid minimum wages, [ ] unpaid overtime compensation ... and in an additional equal amount as liquidated damages.'" *Avila v. JBL Cleaning Servs. LLC*, No. CV-23-00398-PHX-DJH, 2024 WL 863710, at *6 (D. Ariz. Feb. 29, 2024) (citing 29 U.S.C. § 216(b)). "Double damages are the norm, and single damages are the exception." *Id*. (citing *Alvarez v. IBP, Inc*., 339 F.3d 894, 910 (9th Cir. 2003)). Similarly, when an employer is found liable to an employee for unpaid wages under the AZMWA, the employee may recover, "the balance of the wages . . . including interest thereon, and an additional amount equal to twice the underpaid wages . . . A prevailing plaintiff shall be entitled to reasonable attorney's fees and costs of suit." A.R.S. § 23-364(G). Finally, if an employer is found to have violated the AZWA for unpaid wages, an employee may recover "an amount that is treble the amount of the unpaid wages." A.R.S. § 23-353(A).

Here, Chang asserts that he worked for Defendants for a total of 91.43 hours at a mutually agreed rate of $18.00 per hour. (Doc. 1 ¶¶ 9, 28, 61, 66.) Chang calculates his unpaid minimum wage damages under each statute as follows:

- $661.56 ($7.25 multiplied by 91.43) in unpaid federal minimum wages under the FLSA, plus doubled liquidated damages for a total of **$1,325.74**;
- $1,312.02 ($14.35 multiplied by 91.43) in unpaid Arizona minimum wages under the AZWMA, plus statutory trebling of damages for a total of **$3,936.06**; and
- $1,645.74 ($18.00 multiplied by 91.43) in unpaid wages under the AZWA, plus statutory trebling of damages for a total of **$4,937.22**.

Cumulative liquidated damages under both the FLSA and state law are not available, and Chang does not seek to stack the unpaid minimum wage damages. (Doc. 10 at 6-8); *see Gen. Tel. Co. of the Nw., Inc. v. EEOC*, 446 U.S. 318, 333, (1980) ("[C]ourts can and should preclude double recovery by an individual"). Accordingly, Chang does not pursue

1 recovery under the FLSA, but requests and is entitled to a joint and several award against the Defendants on the AZMWA claim in the amount of $3,936.06.* Under the AZWA, only an entity may be liable. A.R.S. § 23-355. *See Rosen v. Fasttrak Foods LLC,* No. CV-19-05292-PHX-DWL, 2021 WL 2981590, at *5 (D. Ariz. July 15, 2021) (holding that the statutory definition of "employer" does not "authorize individual liability against the owners, officers, and directors of a corporate employer"). Thus, Chang is entitled to an award against Major League only on the excess of the AWA award over the AZMWA claim, or $1,001.16. (Doc. 10 at 8); A.R.S. § 23-353(A); *see Avila*, 2024 WL 863710 (holding that a Plaintiff can recover against an entity the difference between the AZWMA and AZWA amount). Chang also requests that the total amount be enhanced by post-judgment interest under 29 U.S.C. § 1961. (*Id.*) Finally, Chang requests that the Court allow him to file a separate motion for attorneys' fees and costs. (*Id.*)

Rule 54(c) of the Federal Rules of Civil Procedure requires that a default judgment "not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). Chang provided sufficient notice of the potential award through the complaint, enabling Defendants "to decide whether to respond to the complaint in the first instance." *Fisher Printing Inc. v. CRG LTD II LLC*, No. CV-16-03692-PHX-DJH, 2018 WL 603299, at *3 (D. Ariz. Jan. 22, 2018).

The Court may enter a default judgment without a damages hearing when, as here, "the amount claimed is a liquidated sum or capable of mathematical calculation." *HTS, Inc.*, 954 F. Supp. 2d at 947 (quoting *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981)). In this case, the requested damages are capable of mathematical calculation because they are comprised of hours worked by Chang, the amount in pay he was entitled to receive, and statutory multipliers. (Doc. 1 ¶¶ 63, 66-67; Doc. 10 at 7-8.)

---

* Since Chang would receive more under Arizona's minimum wage, $3,936.06, than he would under the federal minimum wage, $1,325.74, the Court uses the Arizona minimum wage calculation. (Doc. 14 at 6.) *See e.g., Wong v. White Rock Phlebotomy, LLC*, No. CV-23-00234-TUC-EJM, 2024 WL 897002, at *8 (D. Ariz. Feb. 13, 2024) ("Because the Arizona minimum wage is higher than federal law provides, and the A[Z]MWA provides for treble damages, the Court finds Plaintiff entitled to damages . . . in the amount of [the trebled AZMWA damages].").

The Court finds that Chang's motion establishes the damages he suffered. (Doc. 10 at 7-8.) Therefore, the Court will enter default judgment against Defendants Major League Construction, LLC, Kelley Louise Kunkel, and John Kunkel, jointly and severally, in the amount of $3,936.06. The Court will further enter default judgement against Major League Construction, LLC in the amount of $1,001.16. Additionally, post-judgment interest will be added to this award pursuant to 28 U.S.C. § 1961(a). Chang may move for attorney's fees and non-taxable expenses. Fed. R. Civ. P. 54(d); LRCiv 54.2.

### III. CONCLUSION

**IT IS ORDERED** granting Plaintiff's motion for default judgment. (Doc. 10.)

**IT IS FURTHER ORDERED** awarding Plaintiff judgment as follows:

1. Plaintiff is awarded judgment against Defendants Major League Construction, LLC, Kelley Louise Kunkel, and John Kunkel, jointly and severally, in the amount of $3,936.06.

2. Plaintiff is awarded judgment against Major League Construction, LLC, in the further amount of $1,001.16.

**IT IS FURTHER ORDERED** that post-judgment interest on the above amounts will be assessed at the statutory rate, 28 U.S.C. § 1961.

**IT IS FURTHER ORDERED** that Plaintiff may file a motion for attorney's fees and related non-taxable expenses in accordance with Federal Rule of Civil Procedure 54(d) and LRCiv 54.2 within fourteen (14) days of this Order. This motion may include an estimate of attorneys' fees and costs to be incurred in enforcing and collecting on the judgment.

.
.
.
.
.
.

**IT IS FINALLY ORDERED** directing the Clerk of the Court to close this case and to enter judgment accordingly.

Dated this 17th day of June, 2025.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge