**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Hung Chia Chang, | No. CV-25-00131-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Major League Construction LLC, et al., | |
| Defendants. | |

Before the Court is Plaintiff Hung Chia Chang's Motion for Attorney's Fees. (Doc. 13.) Defendants Major League Construction LLC, Kelley Louise Kunkel, and John Kunkel (collectively, the "Defendants") failed to respond. For the following reasons, the Court will grant the Motion.

**I.    BACKGROUND**

The Court previously set forth the factual background of this case. (*See* Doc. 11.) As relevant here, Plaintiff worked for Defendants as a drywall hanger between February 27, 2024, and March 15, 2024. (*Id.* at 1-2.) On January 16, 2025, Plaintiff filed a Complaint with this Court, seeking relief for unpaid wages under the Fair Labor Standards Act ("FLSA"), the Arizona Minimum Wage Act, and the Arizona Wage Act. (Doc. 1.) Defendants were timely served on February 24, 2025. (Doc. 7.) Defendants failed to answer or otherwise respond, *see* Fed R. Civ. P. 12(a)(1)(A)(i), and the Clerk of the Court entered default against Defendants on March 20, 2025. (Doc. 9.) Plaintiff then moved for default judgment (Doc. 10), which this Court granted on June 17, 2025 (Doc. 11). Plaintiff then

filed the pending Motion for Attorney's Fees, requesting a total of $8,366.00 for Plaintiff's attorney Jason Barrat's ("Counsel") billed hours. (Doc. 13 at 10; Doc. 13-2 at 2-3.)

## II.     LEGAL STANDARD

The FLSA requires the Court award the prevailing party reasonable attorney's fees. 29 U.S.C. § 216(b). Before the Court awards attorney's fees, however, it must determine the prevailing party and whether the requested attorney's fees are reasonable. LRCiv 54.2(c); *McGlothlin v. ASI Cap. Ventures LLC*, No. CV-19-04895-PHX-DJH, 2021 WL 857367, at *1 (D. Ariz. Mar. 8, 2021) ("A party seeking an award of attorney's fees must show it is eligible and entitled to an award, and that the amount sought is reasonable. . . . To be entitled to an award, Plaintiff must have prevailed in this matter.").

"District courts must calculate awards for attorneys' fees using the 'lodestar' method." *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001) (citation omitted). "Under this approach, a 'presumptively reasonable' fee award 'is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" *Coe v. Hirsch*, No. CV-21-00478-PHX-SMM (MTM), 2022 WL 508841, at *1 (D. Ariz. Jan. 21, 2022) (quoting *Camacho v. Bridgeport Fin., Inc.,* 523 F.3d 973, 982 (9th Cir. 2008)). The lodestar amount is presumptively reasonable in most cases, but the Court may adjust the amount to account for the following factors:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975); *see also* LRCiv. 54.2(c)(3).

### III. DISCUSSION

#### A. Eligibility for and Entitlement to Attorney's Fees

Under the FLSA, the prevailing party is the one that "succeed[ed] on any significant issue in litigation which achieves some of the benefit the part[y] sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278-79 (1st Cir. 1978)); *see also Haworth v. Nevada*, 56 F.3d 1048, 1052 (9th Cir. 1995) (applying the *Hensley* standard to analysis of whether the plaintiff is the prevailing party in an FLSA case). Courts in this district have held that where the filing of an action causes a defendant to pay unpaid wages, the plaintiff becomes the prevailing party and is thus entitled to attorney's fees. *E.g.*, *Aguirre v. Custom Image Pros LLC*, No. CV-23-00334-PHX-MTL, 2023 WL 5932805, at *2 (Sept. 12, 2023). Here, Plaintiff is a prevailing party because this Court granted default judgment in Plaintiff's favor, awarding the wages sought. (Doc. 11.)

#### B. Reasonableness of Requested Attorney's Fees

##### 1. Time and Labor Required

Plaintiff requests an award of $8,366.00 for Counsel's billed hours. (Doc. 13 at 10; Doc. 13-2 at 2-3.) The Court must apply the lodestar method to determine whether this request is reasonable. *Ferland*, 244 F.3d at 1149 n.4. To calculate the lodestar amount, the Court multiplies a reasonable hourly rate with a reasonable number of hours. *Coe*, 2022 WL 508841, at *1. "The party seeking an award of attorneys' fees bears the burden of demonstrating that the rates requested are 'in line with the prevailing market rate of the relevant community.'" *Gary v. Carbon Cycle Ariz. LLC*, 398 F. Supp 3d 468, 485 (D. Ariz. 2019) (quoting *Carson v. Billings Police Dep't*, 470 F.3d 889, 891 (9th Cir. 2006)). "The relevant community is the forum in which the district court sits." *Camacho*, 523 F.3d at 979 (citation omitted).

###### i. Reasonable Hourly Rate

Counsel charged an hourly rate of $445.00. (Doc. 13 at 6.) Plaintiff provides a series of orders finding $445.00 to be a reasonable hourly rate for Counsel. *See, e.g.*, *Begg v. New*

*Life Wellness Ariz. LLC*, No. CV-24-00990-PHX-DLR, 2025 WL 1023996, at *1 (D. Ariz. Mar. 5, 2025). The Court finds that Plaintiff has met his initial burden of demonstrating the reasonableness of Counsel's hourly rate.

### ii. Reasonable Number of Hours

Next, the Court must determine whether Counsel expended a reasonable number of hours. *Coe*, 2022 WL 508841, at *1. Counsel has provided an itemized list detailing the services performed while representing Plaintiff. (Doc. 13-2 at 2-3.) Upon review of Counsel's time sheet, the Court finds that Counsel did not improperly bill for clerical tasks such as filing documents and preparing and serving summons. *See Gary*, 398 F. Supp. 3d at 487. The Court finds all 18.8 hours billed by Counsel reasonable.

### 2. Novelty and Difficulty

Counsel concedes that the legal issues presented here are "straight-forward." (Doc. 13 at 5.)

### 3. Requisite Skill

The Court finds it takes a "moderate amount of skill to litigate FLSA cases." *Verduzco v. Value Dental Ctrs. Mesa W. AZ LLC*, No. CV-20-02380-PHX-DJH, 2022 WL 2718163, at *2 (D. Ariz. July 12, 2022) (determining that an Arizona minimum wage claim did not present any novel or difficult issues).

### 4. Preclusion of Other Employment

Counsel concedes this case "did not preclude [Counsel] from accepting other clients." (Doc. 13 at 5-6.)

### 5. Customary Fee

Counsel asserts that his hourly rate of $445.00 is reasonable. (*See* Doc. 13 at 6-8.) This Court agrees. *See Romero v. Synergy Restoration LLC*, No. CV-24-01602-PHX-MTL, 2025 WL 509259, at *3 (D. Ariz. Feb. 14, 2025).

### 6. Fixed or Contingent

Counsel worked on a contingency basis, requiring 40 percent of the total recovery. (Doc. 13-3 at 3.)

### 7. Time Limitations

Counsel concedes there were no time limits imposed on this matter. (Doc. 13 at 8.)

### 8. Amount Involved

"Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee." *Hensley*, 461 U.S. at 435. Here, Plaintiff received $4,937.22 for his unpaid wages. (Doc. 11 at 13.) The Court therefore finds Plaintiff obtained excellent results.

### 9. Experience, Reputation, and Ability of the Attorney

According to Counsel, his practice area remains exclusively within employment wage litigation under the FLSA. (Doc. 13 at 6-7.) He has practiced law since 2012 and litigated more than 230 lawsuits on behalf of employees in the District of Arizona. (*Id.* at 7; Doc. 13-1 at 2.).

### 10. Undesirability of the Case

Counsel does not label this case as particularly undesirable but notes the inherent risk involved with contingency fee cases and default judgments, including there is "no guarantee of recovery of fees or even reimbursement of costs, ability to collect on this matter in the event of a judgment or settlement, and no guarantee as to the potential duration of this litigation." (Doc. 13 at 9.)

### 11. Nature and Length of Relationship with Client

Before the case at hand, Counsel had not represented Plaintiff. (Doc. 13 at 9.) This case has been on the Court's docket since January 2025. (*See* Doc. 1.)

### 12. Similar Awards

Plaintiff refers this Court to a variety of cases for awards in actions of a similar nature in Arizona. (Docs. 13 at 9-10). *See, e.g.*, *Vazquez v. Johnson*, No. CV-22-01720-PHX-MTL, 2023 WL 4205126, (D. Ariz. June 27, 2023). And while this award of attorney's fees is approximately double the awarded judgment, courts in this district have granted awards far exceeding that proportion. *E.g.*, *Jimenez v. Terrific Tree Trimmer, LLC*,

No. CV-22-01787-PHX-SPL, 2023 WL 4452077 (D. Ariz. July 11, 2023) (awarding $5,390.00 in attorneys' fees for a default judgment of $720.00.)

### IV.   CONCLUSION

Accordingly,

**IT IS ORDERED** granting Plaintiff's Motion for Attorney's Fees (Doc. 13.). Plaintiff is awarded $8,366.00.

**IT IS FURTHER ORDERED** that Defendants are jointly and severally liable for the full $8,366.00, plus interest accruing at the statutory rate, from the date of this Order.

Dated this 25th day of September, 2025.

Michael T. Liburdi
United States District Judge